# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 17-0526** (Greenbrier County 17-F-44)

**Larry E. Scott,**
**Defendant Below, Petitioner**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Larry E. Scott, by counsel Jason D. Parmer, appeals the Circuit Court of Greenbrier County's May 5, 2017, order sentencing him to an indeterminate term of one to three year terms of incarceration followed by twenty years of supervised release for one count of attempt to commit a felony. Respondent, the State of West Virginia, by counsel Zachary Viglianco, filed a response in support of the circuit court's sentencing order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court imposed an illegal sentence because state statutory law does not permit the circuit court to impose a period of supervised release for the crime of attempt to commit a felony.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, petitioner waived his right to an indictment and was charged by information with one count of attempt to commit first-degree sexual abuse, as proscribed in West Virginia Code § 61-8B-7. In the information, the State alleged that petitioner attempted to intentionally touch the vagina of the alleged victim, who was nine years of age. Pursuant to a plea agreement, the parties agreed that petitioner would enter a *Kennedy*[1] plea to one count of attempt to commit first-degree sexual abuse in violation of West Virginia Code § 61-11-8(2)[2]

---

[1]*Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987).

[2]West Virginia Code § 61-11-8 provides, in relevant part:

> Every person who attempts to commit an offense, but fails to commit or is prevented from committing it, shall, where it is not otherwise provided, be

(continued . . .)

and the State would dismiss any related charges against him. The written plea agreement also provided that petitioner would be "required to register as a sex offender . . . in accordance with the provisions of West Virginia Code §15-12-1" and that petitioner was advised that "the express provisions of West Virginia Code § 62-12-26(a)[3] *do not* apply as a result of a conviction for Attempt to Commit a Felony, to wit Sexual Abuse in the First Degree[.]" Petitioner "expressly reserve[d] his right to appeal any sentencing order subjecting him to supervised release." The circuit court deferred acceptance of the plea until a pre-sentence investigation report could be completed and the circuit court could be satisfied that the plea was consistent with the fair administration of justice. Petitioner moved for a forensic examination pursuant to West Virginia Code § 62-12-2(e) to determine his eligibility for probation or alternative sentencing and the circuit court granted that motion.[4]

---

punished as follows: . . . (2) [i]f the offense attempted by punishable by imprisonment in the penitentiary for a term less than life, such person shall be guilty of a felony and, upon conviction, shall, in the discretion of the court, either be imprisoned in the penitentiary for not less than one nor more than three years, or be confined in jail not less than six nor more than twelve months, and fined not exceeding five hundred dollars.

[3]West Virginia Code § 62-12-26(a) provides, in relevant part:

Notwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of a violation of section twelve, article eight, chapter sixty-one of this code or a felony violation of the provisions of article eight-b, eight-c or eight-d of said chapter shall, as part of the sentence imposed at final disposition, be require to serve, in addition to any other penalty or condition imposed by the court, a period of supervised release of up to fifty years . . .

[4]West Virginia Code § 62-12-2(e) provides:

In the case of any person who has been found guilty of, or pleaded guilty to, a violation of the provisions of section twelve, article eight, chapter sixty-one of this code, the provisions of article eight-c or eight-b of said chapter, or under the provisions of section five, article eight-d of said chapter, such person shall only be eligible for probation after undergoing a physical, mental and psychiatric study and diagnosis which shall include an on-going treatment plan requiring active participation in sexual abuse counseling at a mental health facility or through some other approved program: Provided, That nothing disclosed by the person during such study or diagnosis shall be made available to any law-enforcement agency, or other party without that person's consent, or admissible in any court of this state, unless such information disclosed shall indicate the intention or plans of the probationer to do harm to any person, animal, institution or property, in which case such information may be released only to such persons

(continued . . .)

After receiving the pre-sentence investigation report and hearing testimony from the victim's father, the circuit court accepted the plea as tendered in April of 2017. Petitioner informed the circuit court that his forensic examination was not yet completed and the circuit court continued sentencing until it was completed.

At the sentencing hearing in May of 2017, petitioner's counsel argued that West Virginia Code § 62-12-26(a), the supervised release statute, does not authorize the imposition of supervised release after a conviction under §61-11-8. The State argued that, pursuant to this Court's reasoning in the recent memorandum decision *State v. James F.*,[5] there is an inextricable link between the attempt statute and the statutes to which West Virginia Code § 62-12-26(a) applies and, therefore, defendants convicted of attempt to commit the crimes listed in West Virginia Code § 62-12-26(a) are subject to the provisions therein. Ultimately, the circuit court agreed with the State and sentenced petitioner to an indefinite term of one to three years of incarceration followed by twenty years of supervised release. The circuit court's sentence was memorialized in its May 5, 2017, order. Petitioner now appeals that order.

On appeal, petitioner argues that the circuit court's sentencing order is illegal because the crime of attempt to commit a felony, found in West Virginia Code § 61-11-8, is not one of the crimes enumerated in West Virginia Code § 62-12-26 subject to extended supervision. Petitioner asserts that the circuit court relied on dictum found in this Court's memorandum decision *State v. James F.* and argues that *James F.* engages in incorrect and unnecessary interpretation of an unambiguous statute. Respondent argues, in parallel with our previous holding, that there is no analytically distinct crime of "attempt to commit," and that the crime attempted is a derivative, lesser-included offense of the statutory crime. According to respondent, it is proper to apply West Virginia Code § 61-11-8 to persons convicted of attempt to commit the crimes enumerated in West Virginia Code § 62-12-26.

This matter presents a question of law to which we apply a de novo standard of review. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995). After a careful review of the parties' briefs on appeal and the pertinent law, and for the reasons set forth below, we conclude that the reasoning in *State v. James F.* is sound and that the extended supervision statute applies to petitioner's conviction of attempted first-degree sexual abuse.

---

as might be necessary for protection of the said person, animal, institution or property.

[5]*State v. James F.*, No. 15-0194, 2016 WL 2905508 (W.Va. May 18, 2016) (memorandum decision).

3

It is uncontroverted that petitioner was convicted of attempt to commit a felony under West Virginia Code § 61-11-8. This statute does not set forth a standalone crime; "[it] exists only in relation to other offenses[.]" *State v. Starkey,* 161 W.Va. 517, 522 n.2, 244 S.E.2d 219, 223 n.2 (1978) (quoting W. LaFave & A. Scott, *Handbook on Criminal Law* 49 (1972)), *overruled on other grounds by State v. Guthrie,* 194 W.Va. 657, 667, 461 S.E.2d 163, 173 (1995). The so-called "crime of attempt" is defined by the underlying substantive crime. "'In order to constitute the crime of attempt, two requirements must be met: (1) a specific intent to commit the underlying substantive crime; and (2) an overt act toward the commission of that crime, which falls short of completing the underlying crime.' Syl. Pt. 2, *State v. Starkey*, 161 W.Va. 517, 244 S.E.2d 219 (1978)." Syl. Pt. 1, *State v. Burd*, 187 W.Va. 415, 419 S.E.2d 676 (1991).

In this case, petitioner was convicted of his attempt to commit the substantive crime of first-degree sexual abuse, which is set forth in West Virginia Code § 61-8B-7.[6] First-degree sexual abuse is one of the crimes specifically mentioned in the extended supervision statute, West Virginia Code § 62-12-26, which provides

> "[n]otwithstanding any other provision of this code to the contrary, any defendant convicted after the effective date of this section of . . . a felony violation of the provisions of article eight-b [§§ 61-8B-1 through –18] . . . shall, as part of the sentence imposed at final disposition, be required to serve, in addition to any other penalty or conditions imposed by the court, a period of supervised release of up to fifty years[.]"

Although the attempt statute under which petitioner was convicted is not specifically enumerated, the substance of his conviction is inextricably linked to one of the crimes contained in the supervision statute. Therefore, petitioner is subject to the extended supervision statute and the requirements therein. This conclusion is consistent with our prior holdings and with the purpose of the extended supervision statute. The Legislature enacted West Virginia Code § 62-12-26 to protect society from offending behavior:

> [T]he Legislature has determined that in order to adequately protect society, the crimes enumerated in the supervised release statute require community-based supervision and treatment over and above incarceration. Supervised release is a method selected by the Legislature to address the seriousness of these crimes to the public welfare and to provide treatment during the transition of offenders back into society with the apparent goal of modifying the offending behavior.

*State v. James,* 227 W.Va. 407, 416, 710 S.E.2d 98, 107 (2011). By his guilty plea, petitioner admitted that he, being older than fourteen, had the specific intent to subject the victim to sexual contact, a person younger than twelve. Further, petitioner admitted he took some overt action

---

[6]West Virginia Code § 61-8B-7 provides, in relevant part: "(a) [a] person is guilty of sexual abuse in the first degree when: . . . (3) [s]uch person, being fourteen years old or more, subjects another person to sexual contact who is younger than twelve years old."

4

toward the commission of that crime. These acts are the same serious conduct from which the Legislature sought to protect the public. Hinging that protection on whether a person completed the crime or was foiled in the attempt does not lessen that person's ongoing danger to society without the proper treatment. To the extent that petitioner requests that the reasoning of *State v. James F.* be discarded, we decline to do so.

For the foregoing reasons, the circuit court's May 5, 2017, sentencing order is hereby affirmed.

Affirmed.

**ISSUED:**  October 12, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.